KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikhail Davitashvili, | No. CV 10-892-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| J. Schomig, et al., | |
| Defendants. | |

Plaintiff Mikhail Davitashvili, who is confined in the La Palma Correctional Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Miller, Brunks, and Hallahan to answer Counts I and III of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $0.84. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Plaintiff names the following Defendants in the Complaint: Warden J. Schomig; Corrections Corporation of America; Assistant Wardens C. Miller and J. Young; Grievance Coordinator R. Alldredge; Chaplains Powers, Brunks, and Roberts; Canteen Correctional Services; Food Service Manager Hallahan; Food Service Supervisor Croch; Dietician H. Meyers; and Rabbi D. Hayman.

Plaintiff raises four grounds for relief:

(1) Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated when he was denied a kosher diet, weekly

|   |     | religious services, and kosher food during Passover; |
|---|-----|---|

(2) Plaintiff's Equal Protection rights are violated because he and other Jewish inmates are not allowed access to the facility chapel and the chapel library does not contain Jewish study materials or Torahs;

(3) Defendant Hallahan violated Plaintiff's First Amendment rights by denying Plaintiff kosher foods and failing to follow kosher laws for preparation of the kitchen before Passover; and

(4) The facility's kosher diet menus are nutritionally and religiously deficient.

Plaintiff seeks injunctive relief and monetary damages.

## IV. Failure to State a Claim

### A. Failure to Link Injuries with Defendants

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has made no claims against Defendants Schomig, Corrections Corporation of America, Young, Alldredge, Canteen Correctional Services, or Croch, and has therefore failed to state a claim against them. The Court will dismiss these Defendants.

### B. Count I

In Count I, Plaintiff alleges that he requested services for the holy days of "Purim and Passover" but that the Purim service was never held and he was not provided with meaningful items for the observance of Passover. Plaintiff also claims that "defendants

failed to provide plaintiff with facilities and food to properly observe Jewish dietary laws." These allegations are not linked to specifically named Defendants and therefore fail to state a claim. Conclusory allegations that a group of Defendants violated Plaintiff's rights are insufficient to state a claim.

Plaintiff also alleges that Defendant Powers called Plaintiff to her office and asked Plaintiff to make a list of items he needed to prepare a kosher kitchen. Plaintiff did so and gave the list to Defendant Powers. Plaintiff provides no other information regarding Defendant Powers. These allegations are not sufficient to demonstrate that Defendant Powers violated RLUIPA or Plaintiff's constitutional rights. Defendant Powers will therefore be dismissed.

**C. Count II**

In Count II, Plaintiff alleges that Jewish prisoners are not allowed access to the facility chapel and are not offered Jewish religious services. Plaintiff also claims that Jewish prisoners are not offered Jewish study materials or texts but that Christian and Muslim inmates receive services and religious materials. Finally, Plaintiff alleges that "many [of his] requests and grievances [were] not answered by administration or all Chapel person[nel] Powers, Brunks, Roberts."

Plaintiff has not identified a specific Defendant or Defendants who were responsible for denying him religious services and materials.

To the extent that Plaintiff alleges Defendants Powers, Brunks, and Roberts failed to respond to or properly process Plaintiff's grievances, Plaintiff has again failed to state a claim for relief. An inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. Other circuits have held similarly. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Without a liberty interest, Plaintiff has no procedural due process rights. Similarly, where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative

grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

The Court will dismiss Count II for failure to state a claim.

### D. Count IV

In Count IV, Plaintiff claims that the food he was given was "nutritionally inadequate" and that he filed several grievances against Defendants Hallahan, Meyers, and Hayman. As with Count IV, Plaintiff has not linked his claims with specifically named Defendants; he does not allege who was reponsible for denying him nutritionally inadequate food.

With respect to grievances, Defendants Hallahan, Meyers, and Hayman's failure to respond to Plaintiff's grievances or failure to intervene does not state a claim for purposes of § 1983. The Court will dismiss Count IV for failure to state a claim.

## V. Claims for Which an Answer Will be Require

Under the Religious Land Use and Institutionalized Persons Act of 2000, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

In Count I, Plaintiff claims that he informed Defendant Brunks of his need for a kosher diet and that Defendant Brunks "left plaintiff without any regard [for Plaintiff's] health or well being" and that Plaintiff was continually given non-kosher food. Plaintiff also claims that he discussed his need for a kosher diet with Defendant Miller and that Defendant Miller told Plaintiff to "give him a chance to make it right." Plaintiff claims that despite the conversation, he did not receive a kosher diet and that "no resolution was reached or any real

TERMPSREF

- 5 -

1 progess made." Plaintiff further alleges that Defendant Hallahan repeatedly provided food
2 that was not kosher.

3       In Count III, Plaintiff claims that Defendant Hallahan denied Plaintiff proper food for
4 Passover and refused to follow kosher laws when preparing the Passover meal.

5       Liberally construed, these allegations adequately state a claim, and the Court will
6 require Defendants Brunks, Miller and Hallahan to answer Counts I and III of the Complaint.

## VI. Motion for Temporary Restraining Order Preliminary Injunction

Plaintiff has also filed a Motion for Preliminary Injunction (Doc. #5) and a Motion for Temporary Restraining Order (Doc. #7). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff claims that he is being denied a kosher diet and requests that the Court order Defendants to provide him with a kosher diet sufficient to sustain good health. The Court will require Defendants to answer the Motion for Preliminary Injunction.[1]

To demonstrate entitlement to a temporary restraining order, Plaintiff must show by specific facts that he is in danger of immediate and irreparable harm. Fed. R. Civ. P. 65(b). Although Plaintiff has alleged facts sufficient for the Court to require Defendants to answer the Motion for Preliminary Injunction, Plaintiff has not alleged facts sufficient to warrant the issuing of a temporary restraining order. Plaintiff's claims concern his long-term difficulty with obtaining kosher foods; Plaintiff has not alleged facts showing that he is in immediate danger. The Court will therefore deny the Motion for Temporary Restraining Order.

---

[1] See Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

**VII. Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $0.84.

(3)     Counts II and IV and Defendants Schomig, Corrections Corporation of America, Young, Alldredge, Powers, Roberts, Canteen Correctional Services, Croch,

Meyers, and Hayman are **dismissed** without prejudice.

 (4) Defendants Miller, Brunks, and Hallahan must answer Counts I and III of the Complaint.

 (5) Defendants Miller, Brunks, and Hallahan **must respond** to Plaintiff's Motion for Preliminary Injunction (Doc. #5) within **20 days** from the date of service.

 (6) Plaintiff's Motion for Temporary Restraining Order (Doc. #7) is **denied**.

 (7) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), the Motion for Preliminary Injunction (Doc. #5) and Memorandum in Support (Doc. #6), this Order, and both summons and request for waiver forms for Defendants Miller, Brunks, and Hallahan.

 (8) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

 (9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

 (10) The United States Marshal must retain the Summons, a copy of the Complaint, the Motion for Preliminary Injunction and Memorandum in Support, and a copy of this Order for future use.

 (11) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, the Motion for Preliminary Injunction and Memorandum in Support, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, the Motion for Preliminary Injunction and Memorandum in Support, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendants Miller, Brunks, and Hallahan must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge Mark. E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 13th day of May, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge